IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WADE P. ADAMS, | § | |
| | § | |
|   PLAINTIFF AND | § | |
|   COUNTER-DEFENDANT, ET AL, | § | |
| V. | § | CASE NO. 3:20-CV-192-E-BK |
| | § | |
| U.S. BANK, NATIONAL ASSOCIATION | § | |
| AS TRUSTEE FOR THE RMAC TRUST, | § | |
| SERIES 2016-CTT, | § | |
| | § | |
|   DEFENDANT AND | § | |
|   COUNTER-PLAINTIFF. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Doc. 2. Now pending before the Court is Plaintiff's *Motion to Dismiss*, Doc. 6, seeking dismissal of Defendant's counterclaims for failure to state a claim. As detailed here, the motion should be **GRANTED IN PART**.

### I. BACKGROUND

In November 2019, Plaintiff, through counsel, filed a petition in state court to prevent the impending foreclosure on his home (the "Property"). Plaintiff's asserts that in April 2008, he borrowed $341,250 secured by a home equity deed of trust on the Property. Doc. 1-2 at 4. Plaintiff seeks injunctive and declaratory relief, arguing that while Defendant appears to hold a valid and enforceable interest in the property—the Deed of Trust—Defendant's interest is unenforceable and clouds the title to Plaintiff's property. Doc. 1-2 at 5. Plaintiff specifically asserts that the Deed of Trust is invalid because it improperly secures a home equity loan of

more than 80% of the value of the Property. Plaintiff also alleges that because the Note securing the Deed of Trust was accelerated in 2012 by Defendant's predecessor in interest, "the powers of sale" expired four years later. Doc. 1-2 at 4.

After the state court granted Plaintiff's motion for a temporary restraining order, Doc. 1-3 at 2-3, Defendant removed the case to this Court based on diversity jurisdiction. Doc. 1 at 2. Defendant then filed its *Counterclaims and Third Party Claims* against Plaintiff and Third Party Counter-defendant Jane Adams (the "Adamses"), who also resides at the Property. Doc. 3 at 1. Defendant seeks judicial foreclosure of the Property based on Plaintiff's alleged default. Doc. 3 at 2. Defendant also asserts a breach of contract claim, in the alternative, based on the terms of the Deed of Trust. Doc. 3 at 2. Finally, Defendant asserts a fraud claim, contending that Adamses "made multiple representations regarding their ability and intention to pay the Note and/or Deed of Trust." Doc. 3 at 3.

The Adamses now move to dismiss Defendant's counterclaims and the third-party suit. Doc. 6 at 1. In sum, Plaintiff argues that Defendant failed to plead sufficient facts to support its counterclaims, Doc. 6 at 2-4, and Defendant contends the opposite, Doc. 7 at 2-4. Although the Adamses fail to specify the procedural basis of their motion to dismiss Defendant's counterclaims, the Court presumes they are proceeding under Rule 12(b)(6). *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1083 n.19 (5th Cir. 1997) (construing a motion to dismiss a counterclaim as proceeding under Rule 12(b)(6) even though the moving party did not expressly cite the rule as its basis for dismissal).

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

### III.  PARTIES' ARGUMENTS AND ANALYSIS

**A.  Judicial Foreclosure**

Defendant asserts that "it should be allowed a judgment of judicial foreclosure to be enforced pursuant to [s]ection 51.002 of the Texas Property Code" because "[t]he Adams[es] defaulted on their payment obligations imposed by the Note and Deed of Trust" and further avers that it "has complied with all legal and contractual requirements to obtain judicial foreclosure . . . ." Doc. 3 at 2. "Mr. Cooper [sic] further pleads the application of [s]ection 16.069 of the Texas Civil Practices & Remedies Code as an additional basis for asserting this [c]ounterclaim of judicial foreclosure." Doc. 3 at 2.

Under Texas law, a party pursuing judicial foreclosure must demonstrate "that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the borrowers are in default under the note and security instrument; and (4) the borrowers received notice of default and acceleration." *Weeks v. Green Tree Servicing LLC*, No. 4:15-CV-00588-O-BP, 2017 WL 4325797, at *7 (N.D. Tex. Sept. 11, 2017) (citation and internal brackets omitted).

In their motion to dismiss, the Adamses simply state the elements of a cause of action for judicial foreclosure and assert that "[n]o facts are plead [sic] from which a claim for judicial foreclosure may be inferred or found." Doc. 6 at 2. However, the Adamses do not allege that

3

Defendant failed to plead any particular element of a judicial foreclosure claim. *See* Doc. 6 at 2). Nevertheless, upon review, the Court concludes that Defendant has pled sufficient facts to survive the dismissal of its judicial foreclosure counterclaim under Rule 12(b)(6).

Specifically, the first, second, and fourth elements (as listed above) can be inferred from Defendant's allegation, if taken as true, that Defendant "complied with all legal and contractual requirements to obtain judicial foreclosure" and "[t]he Adams[es] defaulted on their payment obligations imposed by the Note and Deed of Trust." Doc. 3 at 2. Further, Defendant pleads direct facts regarding the third element of judicial foreclosure. *See* Doc. 3 at 2 ("[t]he Adams[es] defaulted on their payment obligations imposed by the Note and Deed of Trust.").

Accordingly, Plaintiff's *Motion to Dismiss*, Doc. 6, should be **DENIED** with respect to Defendant's judicial foreclosure counterclaim.

**B. Breach of Contract**

Defendant alternatively asserts a breach of contract counterclaim against the Adamses based on the Deed of Trust between the parties. Doc. 3 at 2. Defendant alleges:

> Alternatively, the Adams[es] are in default of their agreement to pay the Note and/or Deed of Trust as agreed. Their failure to do so constitutes a breach of the parties' agreement(s). Defendant/Counter-Plaintiff suffered injury as a result of the Adams[es]' breach and is entitled to recover all unpaid amounts from the Adams[es], along with all attorney fees and costs as allowed by the Loan Agreement and Texas law. To the extent necessary, Defendant/Counter-Plaintiff further asserts Section 16.069 of the Texas Civil Practice & Remedies Code in aid of its breach of contract claim.

Doc. 3 at 2. This is insufficient to state a claim for breach of contract, however, because it fails to identify the provisions of the contract, to-wit: the Deed of Trust, that the Adamses allegedly breached. *See Brown v. U.S. Bank Nat. Ass'n*, No. 3:14-CV-89-L, 2014 WL 3764887, at *9 (N.D. Tex. July 31, 2014) (Lindsay, J.) (granting motion to dismiss and dismissing plaintiff's

4

breach of contract claim in foreclosure case, in part, because "Plaintiffs' pleadings do not identify which provision or provisions of the Deed of Trust that Defendant allegedly breached."). Further, section 16.069 concerns the statute of limitations applicable to counterclaims and thus does not cure the factual deficiencies underlying Defendant's breach of contract counterclaim. TEX. CIV. PRAC. & REM. CODE. § 16.069.

Accordingly, Plaintiff's motion to dismiss should be granted as to this counterclaim.

## C. Fraud

Finally, Defendant asserts a fraud counterclaim against the Adamses, alleging that they made "multiple representations regarding their ability and intention to pay the Note and/or Deed of Trust" and that Defendant "justifiably relied on these representations to its detriment and sustained damages as a result." Doc. 3 at 3.

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) is strictly interpreted, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564–65 (5th Cir.2002)). Stated differently, "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Id.* (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk,* 291 F.3d 336, 350 (5th Cir.2002)).

Here, Defendant's fraud counterclaim fails to satisfy Rule 9(b)'s pleading requirements because it lacks the who, what, when, where, and how of the Adamses' purported fraudulent representations regarding their ability and intention to pay. Doc. 3 at 3; *see id.* As such, Defendant's fraud counterclaim should be dismissed.

### D. Leave to Amend

Defendant has requested the opportunity to amend its counterclaims and third-party claims in the event the Court concludes that its pleadings are insufficient to state a claim. Doc. 7 at 4. A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also* FED. R. CIV. P. 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires."). In this instance, Defendant has not previously amended its counterclaims and third-party claims; thus, it should be given the opportunity to do so.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Dismiss*, Doc. 6, should be **GRANTED IN PART**. Plaintiff's motion should be **DENIED** with respect to Defendant's judicial foreclosure counterclaim. However, Defendant's breach of contract and fraud counterclaims should be **DISMISSED WITHOUT PREJUDICE** to Defendant filing an amended pleading curing the deficiencies noted herein.

**SO RECOMMENDED** on July 24, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF
## RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).