IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WADE P. ADAMS, | § | |
| | § | |
|    PLAINTIFF AND | § | |
|    COUNTER-DEFENDANT, | § | |
| V. | § | CASE NO. 3:20-CV-192-E-BK |
| | § | |
| U.S. BANK NATIONAL ASS'N AS | § | |
| TRUSTEE FOR THE RMAC TRUST, | § | |
| SERIES 2016-CTT, | § | |
| | § | |
|    DEFENDANT AND | § | |
|    COUNTER-PLAINTIFF. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Doc. 2. The Court now considers Plaintiff's *Motion to Dismiss Amended Counterclaim*, Doc. 21. Upon review, the motion should be **GRANTED**.

### I. BACKGROUND

In November 2019, Plaintiff Wade P. Adams (Adams) filed a petition in state court to prevent the impending foreclosure on his home ("the Property"). Wade sought injunctive and declaratory relief, arguing that Defendant U.S. Bank's interest in the Property was unenforceable and clouded title to the Property.[1] Doc. 1-2 at 5. After the state court granted Wade's motion for a temporary restraining order, Doc. 1-3 at 2-3, U.S. Bank removed the case to this Court. Doc. 1.

---

[1] For the sake of brevity, Defendant U.S. Bank National Association, as Trustee for the RMAC Trust, Series 2016-CTT is referred to herein by the abbreviated title "U.S. Bank."

Following removal, U.S. Bank filed its *Counterclaims and Third-Party Claims* against Adams and Third-Party Defendant Jane Adams (collectively "the Homeowners"). Doc. 3 at 1. U.S. Bank sought judicial foreclosure of the Property based on the Homeowners' default and Section 51.002 of the Texas Property Code, also asserting claims for breach of contract and fraud. Doc. 3 at 2-3. On the Homeowners' motion, Doc. 6 at 1, the Court dismissed U.S. Bank's breach of contract and fraud counterclaims without prejudice. Doc. 12, Doc. 17. U.S. Bank subsequently amended those claims. Doc. 18 at 3-4. The motion *sub judice*, which only seeks dismissal of U.S. Bank's fraud claim, followed.[2] Doc. 21 at 2. U.S. Bank did not file a response.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, [a party's] factual allegations "must be enough to raise a right to relief above the speculative level

---

[2] Although Plaintiff and Third-Party Defendant fail to specify the procedural basis for their motion to dismiss Defendant's fraud claim, the Court presumes it is pursuant to Rule 12(b)(6). *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1083 n.19 (5th Cir. 1997) (construing a motion to dismiss a counterclaim as proceeding under Rule 12(b)(6) even though the moving party did not expressly cite the rule as the basis for dismissal).

2

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

### III. ANALYSIS

#### A. U.S. Bank Again Fails to State a Claim for Fraud

U.S. Bank claims the Homeowners committed fraud by making "multiple representations regarding their ability and intention to pay the Note and/or Deed of Trust." Doc. 18 at 4-5. It alleges the Homeowners made these representations orally and in writing on various dates certain, knowing they were false, to induce U.S. Bank to delay enforcement of its interest in the Property. Doc. 18 at 5. The Homeowners argue U.S. Bank has not sufficiently alleged the essential elements of fraud. Doc. 21 at 4.

"Under Texas law, the elements of common-law fraud are: (1) a material misrepresentation, (2) which was false, and (3) which was either known to be false when made or was asserted without knowledge of the truth, (4) which was intended to be acted upon, (5) which was relied upon, and (6) which caused injury." *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016). When alleging these elements, a plaintiff is subject to the heightened pleading requirements of Rule 9(b) and must specify the who, what, when, where, and how of the statements at issue. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

Here, despite amendment, U.S. Bank's fraud counterclaim fails to satisfy the pleading requirements. U.S. Bank has failed to plead facts showing what the Homeowners' statements were, how the statements were false, or whether the Homeowners knew the statements were false or whether they were just reckless. Instead, it alleges in conclusory fashion that the "representation was false at the time it was made," Doc. 18 at 5. This is not sufficient. Thus, U.S. Bank's fraud counterclaim should be dismissed.

**B. Leave to Amend Is Not Warranted**

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the [party] has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Here, U.S. Bank has already amended its fraud claim, yet has not done so sufficiently. Further, U.S. Bank did not respond to the motion to dismiss, thereby failing to defend its amended pleading. The Court thus assumes U.S. Bank has pled its best fraud claim. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (generally, a litigant should be given an opportunity to amend her complaint before it is dismissed, unless she has already pled her best case). Thus, further leave is not warranted.

## IV.  CONCLUSION

The Homeowners' *Motion to Dismiss Amended Counterclaim*, Doc. 21, should be **GRANTED**, and U.S. Bank's counterclaim and third-party claim for fraud, Doc. 18 at 4-5, should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 18, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).