## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WADE P. ADAMS,** | § | |
| **PLAINTIFF,** | § | |
| | § | **CASE NO. 3:20-CV-192-E-BK** |
| **V.** | § | |
| | § | |
| **U.S. BANK NATIONAL** | § | |
| **ASSOCIATION AS TRUSTEE** | § | |
| **FOR THE RMAC TRUST,** | § | |
| **SERIES 2016-CTT,** | § | |
| **DEFENDANT.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3,* this case was referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Defendant's *Motion for Summary Judgment*, Doc. 26. Upon review, the motion for summary judgment should be **GRANTED**.

### I.      BACKGROUND

In November 2019, Plaintiff Wade P. Adams filed a petition in state court to prevent the impending foreclosure on his home ("the Property"). Doc. 1-2 at 2. Plaintiff asserts that in April 2008, he borrowed $341,250.00 secured by a home equity deed of trust ("DOT") on the Property executed in favor of Defendant's predecessor-in-interest. Doc. 1-2 at 4; Doc. 27 at 5. In his complaint, he seeks injunctive and declaratory relief, arguing Defendant U.S. Bank's interest in the Property is unenforceable because it violates the Texas Constitution's 80/20 Rule and/or Texas's rules for acceleration, Doc. 1-2 at 4, and clouds title to the Property, Doc. 1-2 at 5.

Plaintiff also alleges that, because the Note securing the DOT (collectively, the "Loan Agreement") was accelerated in 2012 by Defendant's predecessor in interest, "the powers of sale" expired four years later. Doc. 1-2 at 4. Defendant counters that the borrowers failed to tender payments in accordance with the Loan Agreement's terms. Doc. 27 at 6. In November 2015, Defendant's predecessor in interest, Nationstar Mortgage, LLC ("Nationstar"), mailed the Homeowners a notice to cure their default as required by the Loan Agreement's terms and applicable law. Doc. 27 at 6; Doc. 27-5 at 4. Defendant alleges the Homeowners failed to cure the default, which prompted Nationstar to file a 736 Application to Foreclose in January 2017, thus accelerating the Homeowners' debt. Doc. 27 at 6; Doc. 27-6 at 2. In 2018, Nationstar assigned the interest in the Loan Agreement to Defendant. Doc. 27 at 5; Doc. 27-4 at 6.

After the state court granted Plaintiff's motion for a temporary restraining order, Doc. 1-3 at 2-3, Defendant removed the case based on diversity jurisdiction, Doc. 1 at 2, and filed its *Amended Counterclaims and Third-Party Claims* against Plaintiff and third-party Counter-Defendant Jane Adams (collectively with Plaintiff, "the Homeowners"),[1] Doc. 18 at 1. Defendant seeks judicial foreclosure of the Property based on the Homeowners' alleged default and section 51.002 of the Texas Property Code. Doc. 18 at 2-3. Defendant alternatively brings a breach of contract counterclaim based on the terms of the DOT. Doc. 18 at 3-4. In the motion *sub judice*, Defendant seeks summary judgment dismissing the claims asserted against it and granting the relief it seeks in its *Second Amended Counterclaim and Third-Party Petition*. Doc. 27 at 4 (citing Doc. 23). In light of the Court's *sua sponte* striking of Defendant's *Second*

---

[1] The Court previously dismissed with prejudice Defendant's counterclaim and third-party claim for fraud. Doc. 36.

*Amended Counterclaim*, Doc. 24, the Court construes the motion *sub judice* as to Defendant's

still-operative *Amended Counterclaims and Third-Party Claims*, Doc. 18.

## II.    APPLICABLE LAW

Summary judgment shall be granted when the record shows there is no genuine dispute as

to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV.

P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  When ruling on a motion for

summary judgment, the court must view all facts and inferences in the light most favorable to the

nonmoving party and resolve all disputed facts in that party's favor. *Boudreaux v. Swift Transp.*

*Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  Once the moving party has made an initial showing that

there is no evidence to support the nonmoving party's case, the party opposing the motion must

come forward with competent summary judgment evidence showing the existence of a genuine

dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial." *Id.* at 587.

## III.    ANALYSIS

### 1.  Plaintiff's Suit to Quiet Title and for Declaratory Judgment

Defendant argues Plaintiff's quiet title and declaratory judgment claims fail because

Plaintiff fails "to raise a genuine issue of material fact concerning the validity of Defendant's

interest in the Property." Doc. 27 at 8.  Through a quiet title action, a "plaintiff seeks to remove

from his title a cloud created by an allegedly invalid claim." *Turner v. AmericaHomeKey Inc.*,

514 F. App'x 513, 516 (5th Cir. 2013).  A suit to quiet title "relies on the invalidity of the

defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex.

App.—Houston [1st Dict.] 2011, no pet.).  Under Texas law, to succeed on a quiet title claim, a

plaintiff must prove: (1) he possesses an interest in a specific property; (2) his title to the property is affected by the defendant's claimed interest; and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Cook-Bell v. Mortgage Electronic Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012).

### a. *Texas Constitution 80/20 Rule*

Defendant argues Plaintiff's allegation that the lien on the Property is void for violating Texas's 80/20 rule is without merit because "the principal amount of the loan did not exceed more than 80 [percent] of the fair market value." Doc. 27 at 9. Plaintiff disagrees, arguing "there is an issue of material fact with respect to the value of the property at the time the home equity loan was taken out." Doc. 30 at 1. Under the Texas Constitution, "[e]xtensions of credit backed by liens on a homestead are valid only if the principal does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made." *Poswalk v. GMAC Mortg., L.L.C.*, 519 F. App'x 884, 886 (5th Cir. 2013) (citing TEX. CONST. art XVI § 50(a)(6)(B)).

Plaintiff offers the Dallas County Appraisal District's ("DCAD") tax appraisal of the Property as evidence of the Property's value of $359,660.00 on the date the extension of credit was made. Doc. 30 at 15; Doc. 31 at 2 (Defendant's objection to the DCAD value as irrelevant and inadmissible hearsay). However, under Texas law, "tax valuations are legally insufficient evidence of fair-market value." *United States v. Curtis*, 635 F.3d 704, 718 (5th Cir. 2011) (citing *Dallas Cty. Bail Bond v. Black*, 833 S.W.2d 247, 249 (Tex. App.—Dallas 1992, no writ) ("The value placed upon real property for tax assessment purposes, without participation of the landowner, is not evidence of its value for purposes other than taxation.")). Consequently, the

4

Homeowners may not rely on DCAD's tax appraisal to establish that the principal of their loan exceeded 80 percent of the Property's fair-market value.

The only other evidence of fair-market value the Homeowners present is Plaintiff's self-serving testimony merely restating the DCAD valuation. Doc. 30 at 9. This is insufficient to rebut Defendant's competent summary-judgment evidence, which includes the appraisal performed in conjunction with the Loan that set the fair-market value of the Property at $480,000.00 and the Homeowners' acknowledgment of the same. Doc. 27-8 at 6 (Appraisal); Doc. 27-9 at 2-3 (Fair Market Value Agreement); *see Thornton v. GMAC Mortg., LLC*, No. 3:12-CV-0880-D, 2013 WL 775352, at *2-3 (N.D. Tex. Mar. 1, 2013) (Fitzwater, J.) (relying on the parties' written acknowledgement as to the property's fair market value over the tax appraisal), *aff'd Thornton v. GMAC Mortg., L.L.C.*, 540 F. App'x 453 (5th Cir. 2013). The $341,250.00 home equity note does not exceed 80 percent of the Property's fair-market value as established by the evidence, and thus does not violate the Texas Constitution. Doc. 27-2 at 2.

### b. Acceleration

Defendant argues Plaintiff's claim "that foreclosure is barred because more than four years elapsed since the loan was accelerated" fails because "the 2012 acceleration was effectively abandoned prior to expiration of the four-year statute of limitations." Doc. 27 at 12. The Homeowners apparently concede Defendant's argument on this issue. Doc. 30 at 2 n.6 (Plaintiff asserting that "[Defendant] has proffered notices of recission of the acceleration, thereby addressing" Plaintiff's argument that the statute of limitations lapsed.). As such the Court finds Plaintiff has abandoned this claim and argument. *Cutrer v. Tarrant Cty. Local Workforce Dev't Bd.*, 943 F.3d 265, 268 n.2 (5th Cir. 2019) (citation omitted).

### c. Declaratory Judgment

Defendant argues Plaintiff's request for a declaratory judgment fails because "the Texas Declaratory Judgment Act [TDJA] does not apply to removed actions," and Plaintiff has failed to allege a viable cause of action as required for relief under the Federal Declaratory Judgment Act [FDJA].  Doc. 27 at 12.  The Court agrees.

Generally, "when a party seeks relief pursuant to the TDJA and the case is removed to federal court, the right to relief is converted to one under the [FDJA]." *Boy Scouts of Am. v. Hartford Accident & Indemnity Co.*, 443 F. Supp. 3d 753, 760 n.3 (N.D. Tex. 2020) (quoted case omitted).  Moreover, "the FDJA provides no relief unless there is a justiciable controversy between the parties." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937)).  As stated previously, Plaintiff has not asserted a viable cause of action to quiet title, therefore his declaratory judgment request also fails.  *See Hill v. BAC Home Loans Servicing, L.P.*, No. 3:13-cv-3044, 2014 WL 2117455, at *5 (N.D. Tex. May 6, 2014) (Horan, J.) (granting the defendant's motion for summary judgment on plaintiff's suit to quiet title and, consequently, denying plaintiff's request for declaratory judgment).

## 2.  Defendant's Counterclaims for Judicial Foreclosure and Breach of Contract

Defendant argues (1) it is entitled to an order of foreclosure on the Property and (2) alternatively, the Homeowners breached their contract with Defendant.  Doc. 3 at 2; Doc. 27 at 4.  Defendant's breach of contract claim is subsumed with its motion requesting judicial foreclosure.  *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3403-L-BH, 2018 WL 7266516, at *14 (N.D. Tex. Dec. 6, 2018), *adopted by* 2019 WL 156264 (N.D. Tex. Jan. 10, 2019) (citations omitted) (Lindsay, J.).

### a. *Breach of Contract*

Defendant alleges that it performed under the Loan Agreement and that the Homeowners failed to make monthly payments, constituting "a breach of the terms of the Note." Doc. 27 at 17. Plaintiff "admits to having missed payments" but apparently he nonetheless denies Defendant is entitled to summary judgment on its breach of contract claim. Doc. 25 at 2; *see Moe v. Option One Mortg. Corp.*, No. 14-07-00550-CV, 2009 WL 136892, at *3 (Tex. App.— Houston [14th Dist.] Jan. 20, 2009) (finding homeowners breached contract when they failed to make monthly mortgage payments). However, Plaintiff has failed to provide any controverting evidence, legal argument, affirmative pleadings, or even bare assertions arguing against Defendant's breach of contract claim. Doc. 25; Doc. 30; *see Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (providing that any of these, at the very least, was necessary for the court to consider an issue). Thus, any argument Plaintiff may have had is considered waived for inadequate briefing. *Id.* (citing *Burnley v. City of San Antonio*, 470 F.3d 189, 189 n.10 (5th Cir. 2006)); *Edwards v. Texas-New Mexico Power Co.*, 259 F. Supp. 2d 544, 547 (N.D. Tex. 2003) (finding the plaintiffs abandoned a claim for having failed to address it in their summary judgment response and brief).

### b. *Judicial Foreclosure*

Stated *supra*, Plaintiff waived any argument it may have had against Defendant's breach of contract claim; thus, the Court now considers Defendant's request for judicial foreclosure. *Easterling*, 2018 WL 7266516, at *18 ("By succeeding on its breach of contract counterclaim, Defendant has shown it is entitled to relief based on contractual breach."). Defendant argues that, based on the Homeowners' breach and its summary judgment evidence, it is entitled to judicial foreclosure. Doc. 27 at 19-20. Specifically, because the Homeowners "defaulted on

7

their payment obligations" under the Loan Agreement and because Defendant complied with its "legal and contractual requirements to obtain judicial foreclosure," Defendant believes "it should be allowed a judgment of judicial foreclosure to be enforced pursuant to" Texas Property Code section 51.002.  Doc. 3 at 2; TEX. PROP. CODE ANN. § 51.002.  Plaintiff does not object to Defendant's motion for summary judgment on this issue except to reiterate the argument that the loan exceeded 80 percent of the fair-market value of the Property, which the Court determined, *supra*, is without merit.  *See* Doc. 30.

Under Texas law, a party pursuing judicial foreclosure must demonstrate: "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016) (Horan, J.), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (Lynn, C.J.) (citation omitted); *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.).  "The court may order judicial foreclosure upon proof establishing the debt and fixing the lien." *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (per curiam) (quotation omitted).  Prior to foreclosing under a deed of trust, there must also be evidence that notices of default, acceleration, and foreclosure were issued in accordance with Texas statutory requirements.  *See Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 645-46 (N.D. Tex. 2014).

Here, Defendant proffers the Note, the DOT, the assignments of the DOT, and the amounts currently due under the loan as summary judgment evidence.  Doc. 27-2 (Note); Doc. 27-3 (DOT); Doc. 27-4 (Assignments); Doc. 27-5 (Notices of Default).  These exhibits establish that (1) the Loan Agreement constitutes a valid agreement between the Homeowners and

Defendant for a debt secured by a lien created in the DOT and (2) the Homeowners' failure to make monthly payments as required by these instruments results in a breach of the loan. Defendant also established that, as of September 30, 2020, the accelerated loan balance is $618,531.45, and additional per diem interest continues to accrue on the outstanding principal balance at a rate of $54.73. Doc. 27 at 6. Defendant has met its summary judgment burden to show no genuine issue exists as to any material fact on its counterclaim for judicial foreclosure. *See TFHSP*, 2016 WL 2856006, at *3. Plaintiff has identified no competent evidence to the contrary. *See* Doc. 30.

### c. *Attorneys' Fees*

Finally, Defendant alleges it is entitled to recover its reasonable attorneys' fees "for the services rendered in defending this action" as allowed under the Loan Agreement. Doc. 27 at 20. Defendant argues its reasonable attorneys' fees incurred in defending this action total $3,461.50. Doc. 27-13 at 2. Plaintiff did not respond to Defendant's request for fees. See Doc. 30.

An award of attorneys' fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). In Texas, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011) (citations omitted). Attorneys' fees may be recovered under mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law to determine that motions for attorneys' fees provided by mortgage contracts are permissible); *Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011) (recognizing the recovery of attorneys' fees under a deed of trust).

Here, the Note expressly permits the recovery of Defendant's "reasonable attorneys' fees" incurred "in enforcing this Note to the extent not prohibited by applicable law." Doc. 27-2 at 3.  The DOT likewise permits the holder to recover "all expenses incurred in pursuing the remedies provided in this [DOT], including . . . reasonable attorneys' fees[.]." Doc. 27-3 at 12. Because the recovery of reasonable attorneys' fees is permitted in the Loan Agreement documents, Defendant is entitled to its reasonable attorneys' fees for pursuing its foreclosure counterclaim under the Loan Agreement.  *See TFHSP*, 2016 WL 2856006, at *4 (concluding that the mortgage creditor was entitled to recover its reasonable attorneys' fees when provided for under the note and deed of trust).

Courts may award attorneys' fees "that are 'reasonable and necessary' for the prosecution of the suit."[2] *Stewart Title Guar. Go. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).  In Texas, uncontroverted attorney affidavits attesting to the attorney's qualifications, reasonableness of the fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *Easterling*, 2018 WL 7266516, at *22 (citing *Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.—Fort Worth 1997, no writ)).  With such evidence, a court may award attorneys' fees as a

---

[2]  Courts consider several factors to determine the reasonableness of attorneys' fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

matter of law, especially when the opposing party fails to contest the evidence. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990).

Defendant attached to its summary judgment motion a declaration from counsel, which states the total time spent and amount due for attorneys' fees in litigating this action. Doc. 27-13 at 2-3. Counsel testified that Defendant incurred a total of $3,461.50 in attorneys' fees—the product of 16.1 hours billed at a rate of $215 per hour. Doc. 27-13 at 2-3. This number is based in part on counsel's familiarity with other suits of this nature. Doc. 27-13 at 2. *See Easterling*, 2018 WL 7266516, at *22-23 (finding $5,031 was a "reasonable and necessary amount of attorney's fees" in a similar action as the one *sub judice*). The Court acknowledges that Defendant's counsel's rates are consistent with those rates prevailing in the market and that the hours expended in this matter are reasonable. *See, e.g.*, *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *4.

## IV.    CONCLUSION

For the reasons stated above, Defendant's *Motion for Summary Judgment*, Doc. 26, including its request for attorneys' fees, should be **GRANTED**, Plaintiff's claims should be **DISMISSED WITH PREJUDICE**, and Defendant counterclaim for foreclosure should be **GRANTED** in its favor.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

12